UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**,          Case No. 3:13 MJ 8001

    Plaintiff,          Magistrate Judge James R. Knepp II

  v.          MEMORANDUM OPINION AND ORDER

**GEORGE MCMANUS**,

    Defendant.

### INTRODUCTION

On January 29, 2013, a two count Information was filed charging Defendant George McManus with Simple Assault, in violation of 18 U.S.C. §113(a)(5) (Count 1), and Disorderly Conduct, in violation of Ohio Revised Code §2917 (A) (Count 2). The Court held a bench trial on June 9, 2013. Witnesses for the government included Eric Jankowski, Michael Couch, David Maxwell, Doug Miller, and Officer Joshua Snyder. (Doc. 8). Witnesses for Defendant included Dan Srisongkham and Defendant. (Doc. 8). For the following reasons, the Court finds Defendant GUILTY on Counts 1 and 2 in the Information.

### BACKGROUND

On the morning of September 27, 2012, Defendant initiated an argument with Jankowski during a team meeting at Joint Systems Manufacturing Center (f/k/a "Lima Tank Plant") in Lima, Ohio. Defendant insulted Jankowski and in turn, Jankowski reciprocated. Defendant then jumped up on a picnic table at which Jankowski had been seated, Jankowski sprang to his feet, and the two men began bumping chests and exchanging insults. Miller testified he tried to break up the altercation but was twice unsuccessful because Defendant re-engaged Jankowski. Jankowski

eventually walked out of the break room, but Defendant followed him.

The parties dispute why Defendant followed Jankowski and what occurred next. Defendant claimed he was not pursuing Jankowski when he left the break room behind him; rather, he said he was "also" going to the management office to report the altercation. Once in the hallway outside the break room, Defendant claimed Jankowski turned, began yelling at him, then hit him. At that point, Defendant claims he went into defense mode, bear-hugged Jankowski, and took him to the ground. In contrast, Jankowski testified Defendant came at him from behind, spun him around and they fell into a set of lockers, after which he was taken to the ground by Defendant. Witness Maxwell said he saw Defendant chase Jankowski before using both of his arms to take him to the ground. Witness Couch, who did not see the precise beginning of the altercation, testified he heard a crash and when he looked up, he saw Defendant on top of Jankowski. Indeed, no one disputes Defendant was on top of Jankowski with both hands covering his mouth and nose. Following the incident, Miller testified Defendant inquired "Nobody seen anything, right?" Defendant claims this statement was an inquiry for potential witnesses.

## DISCUSSION AND FINDINGS

**Simple Assault**

Defendant was charged with Simple Assault pursuant to 18 U.S.C. § 113(a)(5). Section 113 sets out penalties for a wide range of offenses described as assault, from the very serious (assault with intent to commit murder § 113(a)(1)) to simple assault in §113(a)(5). *United States v. Whitefeather,* 275 F. 3d 741, 743 (8th Cir. 2002). The subsection for simple assault is the only one which states the name of the offense without further description. *Id*. Simple assault is otherwise undefined in the statute.

2

Defendant points to *United States v. Golston*, 2010 U.S. Dist. Court LEXIS 61170*, *3 (E.D. Mich 2010) and asserts a lack of definition shows the statute was "intended to embrace the common law meaning of that term." The Court agrees. However, *Golston* adopted the common law definition of assault for an offense committed under 18 U.S.C. §117 – domestic assault by an habitual offender. The line of cases cited by the Government show the Sixth Circuit views the term "assault" in §113 as more inclusive than the common law definition and encompasses elements that fall under traditional elements of battery as well as assault. *United States v. Hedberg*, 98 F. App'x 498, 499 (6th Cir. 2004); *see Whitefeather*, 275 F. 3d at 743; *see also United States v. Dupree*, 544 F.2d 1050, 1052 (9th Cir. 1976); *United States v. Anderson*, 425 F.2d 330, 333 (7th Cir. 1970). Accordingly, the Government must establish beyond a reasonable doubt that Defendant "deliberately touch[ed] another individual in a patently offensive manner without justification or excuse." *United States v. Hedberg*, 98 F. App'x 498, 499 (6th Cir. 2004).

Defendant admitted he insulted Jankowski, climbed on a picnic table, and initiated contact by bumping Jankowski's chest. Further, Miller, Jankowski, Couch, and Maxwell's testimony collaboratively show Defendant followed Jankowski from the break room, attacked him from behind, pinned him to the ground, and covered his throat and nose. The foregoing belies any justification, excuse, or self defense claim, as Defendant pursued Jankowski after he tried to retreat, and Defendant initiated contact thereafter and Defendant's contrary recounting of this course of events was simply not believable. Defendant's actions satisfy the definition of simple assault under §113(a)(5), thus the Court finds him GUILTY of Count 1.

**Disorderly Conduct**

In Count 2 of the Information, Defendant was charged with Disorderly Conduct pursuant to

3

Ohio Rev. Code §2917.11(A), assimilated by 18 U.S.C. §13. The statute provides, in relevant part: "No person shall recklessly cause inconvenience, annoyance, or alarm to another" by: 1) engaging in fighting, in threatening harm to persons or property, or in violent turbulent behavior; 2) insulting, taunting, or challenging another, under circumstances that provoke a violent response; 3) creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons. See Ohio Rev. Code §2917.11(A)(1), (3), and (5). A person acts recklessly when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." Ohio Rev. Code §2901.22(C). Defendant engaged in conduct that was at least reckless when he jumped over a picnic table and threatened Jankowski. Further, Defendant pursued Jankowski, attacked him, and pinned him to the ground. Defendant's actions satisfy the definition of disorderly conduct under Ohio Rev. Code §2917.11, thus the Court finds him GUILTY of Count 2.

## CONCLUSION

After weighing all evidence and considering arguments by counsel and applicable law, the Court finds the evidence establishes beyond a reasonable doubt Defendant is GUILTY of Counts 1 and 2. This matter is referred to Probation and Pretrial Services for preparation of a pre-sentence report.

IT IS SO ORDERED.

                                                              s/James R. Knepp, II  
                                                       United States Magistrate Judge